IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES IRVIN HILL                                                        PLAINTIFF

v.                                                            No. 3:18CV139-GHD-JMV

PAUL A. HILL, ET AL.                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of James Irvin Hill, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that Mississippi Department of Corrections personnel and others have conspired to have him sexually assaulted, incarcerated, and placed seven times in mental institutions. For the reasons set forth below, the instant complaint will be dismissed as delusional.

**Factual Allegations**

As Mr. Hill's complaint and other pleadings are difficult to construe, the court will restate his allegations in the interest of brevity and clarity. Mr. Hill has been involuntarily committed to mental institutions at least seven times; though he states, "It's a known fact that I have no mental problem. I am disabled for seizure disorder…. Also[, I] take no medication at current time nor ever needed any." Doc. 8 at 4, 6. He states, "There is a very large coven [on the Hill at Midway] and other place[s] within Tallahatchie County, MS." Doc. 8 at 6. Mr. Hill alleges that, starting near Christmastime in 2016:

> I was drugged and sexually assaulted by my father and others watched this and recorded it on [their] phones. It was made known to me around mid-March of 2017 from a pastor in New York at a hearing with lawyers and reporters[.] This was done after I came back from Tri-Lakes West Wing in Batesville, MS. My eyes are very good and I've seen alot. There are a number of informants for the federal authorities. I myself went into the website and signed up for this and have been contacted and watched the money distributed out by the others. Not only myself was assaulted or exploited[,] my sisters and their children[,] male and female alike.
>
> . . .
>
> I have been sent off seven (7) times to mental institutions and place in prison for what I know and lived through. Alot of this may be sealed to protect those who are still alive. I have seen death at the hands of some and the clean up crews and what they wear. I never one time lost courage in the face of death or when they tried to say I was seeing things.

*Id.* Mr. Hill makes other, similar assertions throughout his pleadings. He also alleges that various people, inside and outside of government, are conspiring to prevent his release on parole. At some point a court sent Mr. Hill "to the State Hospital at Whitfield like he was seeing things and the abuse never occurred." *Id.* at 5. Mr. Hill became concerned when "[an] MDOT truck follow us into town front and back, then Parole and Probation would arrive wherever I was at, telling me I owed them money for being in jail." *Id.* at 6. Mr. Hill also states, "All this has to do with government contracted informants."

## Discussion

After carefully considering the contents of the *pro* se complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the court has concluded that the complaint is wholly without substantive merit. The complaint contains only vague allegations regarding how plaintiff was allegedly wronged, and consists entirely of his belief that a wide array of people have conspired to sexually assault him, cover up the sexual assault, and prevent him from being released on parole. He has been involuntarily committed to a mental institution seven times – at

least once based upon the allegations in this complaint. A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). The law empowers judges to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Id.*, 490 U.S. at 327, 328. The plaintiff's allegations unquestionably are examples of "fantastic or delusional scenarios." As such, they will be dismissed.

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 24th day of September, 2018.

SENIOR JUDGE